UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARLER and | ) |
| A.M. and H.M., Two Minors, | ) |
| by and through their | ) |
| Next Friend and Guardian, | ) |
| ANGELA MARLER, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CITY OF TROY, MISSOURI, | ) |
| Serve: | ) |
| Mayor Mark A. Cross | )   No. |
| Troy City Hall | ) |
| 800 East Cap au Gris | ) |
| Troy, MO 63379 | )   JURY TRIAL DEMANDED |
| | ) |
| and | ) |
| | ) |
| MICHIYO TUMULTY, | ) |
| Serve: | ) |
| 21 South Camelot Drive | ) |
| Troy, MO 63379-2387 | ) |
| | ) |
| and | ) |
| | ) |
| LINCOLN COUNTY, MISSOURI | ) |
| Serve: | ) |
| Dan Colbert | ) |
| Presiding Commissioner, | ) |
| 201 Main Street | ) |
| Troy, MO 63379 | ) |
| | ) |
|     Defendants. | ) |

## **COMPLAINT**

COME NOW Plaintiffs, Nicholas Marler, and his two minor siblings, A.M. and H.M., by and through their Next Friend and Guardian, Angela Marler, and

- 1 -

through their attorneys Devereaux, Stokes, Nolan, Fernandez & Leonard, P.C., and for their cause of action against the above captioned Defendants hereby state as follows:

## THE PARTIES

1. The Plaintiffs, A.M. and H.M. are the minor children of the deceased, Terry Marler, Jr. ("Marler") and Angela Marler, and bring the present action through their Next Friend and Guardian, Angela Marler. Nicholas Marler is 18 years old and brings this suit in his individual capacity.

2. The Defendant, The City of Troy, Missouri ("Troy"), is a municipality located in Lincoln County, Missouri, duly organized and existing in accordance with Missouri Statutes, and as such operates a police department commonly known as the Troy Police Department.

3. The Defendant, Michiyo Tumulty ("Tumulty"), is an individual, who upon information and belief, resides in Lincoln County, Missouri, and who at the time of the acts alleged in the Petition was employed by the Troy Police Department, and at all times relevant herein was acting within the course and scope of her employment for the Troy Police Department.

4. The Defendant, Lincoln County, Missouri ("Lincoln County"), is a municipality located in Lincoln County, Missouri, duly organized and existing in accordance with Missouri Statutes, and as such operates a detention facility commonly known as the "Lincoln County Justice Center" located at 45 Business Park Drive, Troy, Missouri.

5.  The Lincoln County Justice Center is a detention facility owned, operated, managed and staffed by the Defendant, Lincoln County, acting through its political subdivision, the Lincoln County Sheriff's Department.

## INTRODUCTION

6.  This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as Missouri Revised Statues § 537.080.

7.  On August 21, 2011, Terry Marler, Jr. was arrested by various police officers for the City of Troy and transported for confinement to the Lincoln County Jail. At the time of his arrest, the Troy Police Officers had specific information that Terry Marler, Jr. suffered from depression and had earlier that day made a threat of suicide. In addition, relatives of Terry Marler, Jr. called the Lincoln County Jail to inform them that Terry Marler, Jr. was suffering from depression and had been recently hospitalized for suicidal ideation and depression, and that he needed his medication. Two days later, on August 23, 2011, while receiving his medication, Terry Marler stated in front of various Lincoln County Correctional Officers that he was going to kill himself. Terry Marler was found within the hour hanging in his cell and died from asphyxiation while in the custody and control of the Defendant, Lincoln County.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction of this action pursuant 42 U.S.C. §1983, 28 U.S.C. § 1331 and § 1343. Plaintiff further invokes the

supplemental jurisdiction of this Court to hear and decide claims arising under State law.

9.  Venue is proper under 28 U.S.C. § 1391(b) in that all parties to this action reside in the Federal Judicial District of the Eastern District of Missouri and the events giving rise to the claims asserted herein occurred within the district.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

10.  On August 21, 2011, at approximately 7:00 p.m., the Troy Police Department received a phone call for a domestic dispute at 747 Sommerset Drive, the home of Plaintiffs and Angela and Terry Marler.

11.  Upon arrival to the home, Troy Police Officer Michiyo Tumulty interviewed Angela Marler who indicated that she and her husband, Terry Marler, Jr., had a dispute about finances. The police report indicates that Angela Marler told the Troy police officer that Terry Marler, Jr. had said he was going to kill himself. In addition, Defendant Tumulty took a one paragraph written statement from Angela Marler at their home stating Terry had threatened to kill himself.

12.  Troy Police Officers located Terry Marler, Jr. and took him into custody on a 24 hour domestic disturbance hold.

13.  Terry Marler, Jr. became visibly upset upon being taken into custody and attempted to inflict harm on himself by banging his head against the window of the police vehicle. Terry Marler, Jr. also requested Defendant Tumulty to get his medications.

14. Defendant Tumulty was given Terry Marler's depression medication by Angela Marler and transported the medications to the Lincoln County Jail where Terry Marler had just been taken.

15. Defendant Tumulty failed to inform any Lincoln County Jail employees, or anyone else, that Terry Marler had displayed risk factors for suicide which included a recent hospitalization for depression and suicidal thoughts, attempts to physically harm himself, the fact that he was on medication for depression and, most significantly, a threat made that day to kill himself.

16. The following day, family members of Terry Marler, Jr. contacted the Lincoln County Sheriff's Department to indicate their concerns with Marler due to the fact that he had a history of depression, was on medication to help control his mental illness, and had indicated to family members that he was going to kill himself. These communications were made to the Lincoln County Sheriff's Department in an effort to ensure that Marler would be given his proper medications and that they were aware of his suicide risk.

17. On August 22, 2011, Terry Marler moved to an isolation cell in F-Pod with approximately 10 other inmates.

18. On August 23, 2011, while receiving his medications, Terry Marler verbally declared out loud that he was going to kill himself. This comment was heard by no less than eight inmates, as well as the Lincoln County Correctional Officers that were present. Some of the inmates present

indicated to the Missouri Highway Patrol that the Lincoln County Correctional Officer hearing this statement laughed and took no further action.

19. Terry Marler was found in his cell approximately one hour later hanging from his pants. He died of asphyxiation.

20. At all times herein mentioned, Police Officer Michiyo Tumulty, and all other Troy police officers involved in the arrest and transfer of Terry Marler, Jr. were employees and agents of the Defendant Troy, and acting within the course and scope of their employment for The City of Troy.

21. At all times mentioned herein, the Lincoln County Correctional Officers and the other employees of the Lincoln County Justice Center, were employees and agents of the Defendant, Lincoln County, and acting within the course and scope of their employment.

22. Upon information and belief, there exists one or more policies of insurance that would provide liability coverage to the Defendants, City of Troy, Tumulty, the Lincoln County Justice Center employees, and Lincoln County for the acts alleged by Plaintiffs, thereby waving sovereign immunity under R.S.Mo. Section 537.610.

### **COUNT I**
(CITY OF TROY – NEGLIGENCE)

COME NOW Plaintiffs, and for Count I of their cause of action against the Defendant, City of Troy, Missouri, hereby state as follows:

23. Plaintiffs incorporate by reference paragraphs one through 22 of this Petition as if fully set forth herein.

24. On August 21, 2011, the Defendant Troy, acting through its employees and agents, took custody and control over the person of Terry Marler, Jr.

25. The Defendant, Troy, owed a duty to Terry Marler, Jr. to detain him in such a manner so as to keep him safe from all harm from himself and others.

26. The Defendant, Troy, acting through its employees and agents, breached that duty and was otherwise negligent in the following manner:

- a) The City of Troy failed to properly screen and assess Terry Marler, Jr. so as to identify any mental or emotional issues that may indicate a tendency to cause physical harm to himself;

- b) The City of Troy failed to properly screen and assess the risk that Terry Marler, Jr. was currently under the affects of alcohol, drugs, or other prescription medication, or any other indicated suicide risk factors;

- c) The City of Troy knew, or should have known, that Terry Marler, Jr. was suffering from mental health problems, presented suicide risk factors, and was, in fact, a suicide risk, and failed to appropriately communicate this information to the Defendant, Lincoln County, with whom they exercised joint control over the person of Terry Marler, Jr.

- d) The City of Troy failed to timely and appropriately communicate to the Lincoln County Justice Center and its employees Terry

Marler, Jr.'s mental health condition, the fact that he suffered from depression and other mental health problems and, more specifically, that he had threatened to kill himself;

e) The City of Troy failed to properly monitor and watch over Terry Marler, Jr. when they knew, or should have known, that he was a suicide risk;

f) The City of Troy failed to transport Terry Marler, Jr. to an appropriate medical or mental health facility when they knew, or should have known, he was suffering from medical or mental health problems, and presented a suicide risk;

g) The City of Troy failed to implement appropriate protective custody or suicide risk protocols to insure the safety and well being of Terry Marler, Jr., over whom they had assumed custody and control;

h) The City of Troy failed to adopt and implement appropriate policies and guidelines regarding the assessment and detention of prisoners who are at risk of suicide, or suffering from medical or mental problems, and failed to train its staff and police officers in this regard;

i) The City of Troy otherwise failed to keep Terry Marler, Jr. safe from all harm, including risk of suicide, after having assumed custody and control over his person.

27. The Defendant, Troy's breach of duty as described above was the direct and proximate cause of Terry Marler, Jr.'s death on August 23, 2011.

28. Due to the actions of the Defendant, Troy, as described above, the Plaintiffs, the children of deceased, Terry Marler, Jr., have been deprived of their father's society, comfort, companionship, service, counsel and support, and are entitled to damages as set forth in Missouri Revised Statute Section 537.080.

WHEREFORE, Plaintiffs pray for damages against the City of Troy in a fair and reasonable sum in excess of $75,000.00, to compensate them for their loss, and for such other and further relief as this Court deems just and proper.

## **COUNT II**
(CITY OF TROY - 42 U.S.C. § 1983)

COME NOW Plaintiffs, and for their cause of action against the Defendant, City of Troy, under 42 U.S.C. § 1983, hereby state as follows:

29. Plaintiffs hereby incorporate by reference, as if fully set forth herein, paragraphs 1 through 28 of this Complaint.

30. On or about August 21, 2011, Terry Marler, Jr. was taken into custody by various Troy Police Officers for an alleged domestic abuse.

31. Terry Marler, Jr. was placed under arrest and transported to the Lincoln County Justice Center.

32. Troy Police Officer, Michiyo Tumulty, interviewed Terry Marler, Jr.'s wife, Angela Marler, at the scene and was told that Terry Marler, Jr. had

threatened to kill himself. In addition, Officer Tumulty took a written statement from Angela Marler in which she set out in writing that Terry Marler, Jr. had indicated he was going to kill himself.

33. Angela Marler handed over to Officer Tumulty her husband's medication for depression which Officer Tumulty transported to the Lincoln County Jail. Upon arrival at the Lincoln County Jail, Officer Tumulty handed over Terry Marler, Jr.'s depression medication to the correctional officer on duty at the booking desk. At this point in time, Terry Marler, Jr. had already been transported to the Lincoln County Justice Center and was in the booking area. In addition, Officer Tumulty had witnessed Terry Marler, Jr. banging his head repeatedly against the police car door and in a highly disturbed and agitated state. Officer Tumulty failed to provide to Lincoln County Jail employees any information whatsoever regarding any of the suicide factors of which she was aware relating to Terry Marler, Jr.'s mental health history, depression, agitated state and attempts to harm himself, as well as his suicide threat.

34. At all times mentioned herein, the Troy Police Officers that arrested, transported, and were involved in the incident as described above were State actors acting under the color of law. The actions and inactions of the Troy Police Officers as described above constitute unlawful and deliberate indifference, committed under the color of law and under their authority as Troy Police Officers, which caused Terry Marler, Jr., to be deprived of his life and liberty, and violated his Constitutional right to be free

from punishment without due process of law as guaranteed by the 14th Amendment to the United States Constitution.

35. As a direct and proximate result of the actions of the Defendant, City of Troy, acting through its employees and actions, the Plaintiffs suffered damages, including but not limited to, the deprivation of life and other constitutional violations of Terry Marler, Jr.

WHEREFORE, Plaintiffs pray for damages against the City of Troy in a fair and reasonable sum in excess of $75,000.00, to compensate them for their loss, and for such other and further relief as this Court deems just and proper.

## **COUNT III**
(MICHIYO TUMULTY – NEGLIGENCE)

COME NOW Plaintiffs, and for Count III of their cause of action against the Defendant, Michiyo Tumulty, Missouri, hereby state as follows:

36. Plaintiffs incorporate by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

37. On August 21, 2011, the Defendant Tumulty took custody and control over the person of Terry Marler, Jr.

38. The Defendant, Tumulty, owed a duty to Terry Marler, Jr. to detain him in such a manner so as to keep him safe from all harm from himself and others.

39. The Defendant, Tumulty, breached that duty and was otherwise negligent in the following manner:

a) Tumulty failed to properly screen and assess Terry Marler, Jr. so as to identify any mental or emotional issues that may indicate a tendency to cause physical harm to himself;

b) Tumulty failed to properly screen and assess the risk that Terry Marler, Jr. was currently under the affects of alcohol, drugs, or other prescription medication, or any other indicated suicide risk factors;

c) Tumulty knew, or should have known, that Terry Marler, Jr. was suffering from mental health problems, presented suicide risk factors, and was, in fact, a suicide risk, and failed to appropriately communicate this information to the Defendant, Lincoln County, with whom they exercised joint control over the person of Terry Marler, Jr.

d) Tumulty failed to timely and appropriately communicate to the Lincoln County Justice Center and its employees Terry Marler, Jr.'s mental health condition, the fact that he suffered from depression and other mental health problems and, more specifically, that he had threatened to kill himself;

e) Tumulty failed to properly monitor and watch over Terry Marler, Jr. when they knew, or should have known, that he was a suicide risk;

f) Tumulty failed to transport Terry Marler, Jr. to an appropriate medical or mental health facility when they knew, or should

have known, he was suffering from medical or mental health problems, and presented a suicide risk;

g) Tumulty failed to implement appropriate protective custody or suicide risk protocols to insure the safety and well being of Terry Marler, Jr., over whom they had assumed custody and control;

h) Tumulty failed to adopt and implement appropriate policies and guidelines regarding the assessment and detention of prisoners who are at risk of suicide, or suffering from medical or mental problems, and failed to train its staff and police officers in this regard;

i) Tumulty otherwise failed to keep Terry Marler, Jr. safe from all harm, including risk of suicide, after having assumed custody and control over his person.

40. The Defendant, Tumulty's breach of duty as described above was the direct and proximate cause of Terry Marler, Jr.'s death on August 23, 2011.

41. Due to the actions of the Defendant, Tumulty, as described above, the Plaintiffs, the children of deceased, Terry Marler, Jr., have been deprived of their father's society, comfort, companionship, service, counsel and support, and are entitled to damages as set forth in Missouri Revised Statute Section 537.080.

WHEREFORE, Plaintiffs pray for damages against the City of Troy in a fair and reasonable sum in excess of $75,000.00, to compensate them for

their loss, and for such other and further relief as this Court deems just and proper.

## **COUNT IV**
(MICHIYO TUMULTY - 42 U.S.C. § 1983)

COME NOW Plaintiffs, and for their cause of action against the Defendant, Michiyo Tumulty, under 42 U.S.C. § 1983, hereby state as follows:

42. Plaintiffs hereby incorporate by reference, as if fully set forth herein, paragraphs 1 through 22 of this Complaint.

43. On or about August 21, 2011, Terry Marler, Jr. was taken into custody by various Troy Police Officers for an alleged domestic abuse.

44. Terry Marler, Jr. was placed under arrest and transported to the Lincoln County Justice Center.

45. Troy Police Officer, Michiyo Tumulty, interviewed Terry Marler, Jr.'s wife, Angela Marler, at the scene and was told that Terry Marler, Jr. had threatened to kill himself. In addition, Officer Tumulty took a written statement from Angela Marler in which she set out in writing that Terry Marler, Jr. had indicated he was going to kill himself.

46. Angela Marler handed over to Officer Tumulty her husband's medication for depression which Officer Tumulty transported to the Lincoln County Jail. Upon arrival at the Lincoln County Jail, Officer Tumulty handed over Terry Marler, Jr.'s depression medication to the correctional officer on duty at the booking desk. At this point in time, Terry Marler, Jr. had already been transported to the Lincoln County Justice Center and was in the

booking area. In addition, Officer Tumulty had witnessed Terry Marler, Jr. banging his head repeatedly against the police car door and in a highly disturbed and agitated state. Officer Tumulty failed to provide to Lincoln County Jail employees any information whatsoever regarding any of the suicide factors of which she was aware relating to Terry Marler, Jr.'s mental health history, depression, agitated state and attempts to harm himself, as well as his suicide threat.

47. At all times mentioned herein, the Troy Police Officers that arrested, transported, and were involved in the incident as described above were State actors acting under the color of law. The actions and inactions of the Troy Police Officers as described above constitute unlawful and deliberate indifference, committed under the color of law and under their authority as Troy Police Officers, which caused Terry Marler, Jr., to be deprived of his life and liberty, and violated his Constitutional right to be free from punishment without due process of law as guaranteed by the 14th Amendment to the United States Constitution.

48. As a direct and proximate result of the actions of the Defendant, Tumulty, the Plaintiffs suffered damages, including but not limited to, the deprivation of life and other constitutional violations of Terry Marler, Jr.

WHEREFORE, Plaintiffs pray for damages against Tumulty in a fair and reasonable sum in excess of $75,000.00, to compensate them for their loss, and for such other and further relief as this Court deems just and proper.

# COUNT V
## (LINCOLN COUNTY – NEGLIGENCE

COME NOW Plaintiffs, and for Count V of their cause of action against the Defendant, Lincoln County, hereby state as follows:

49. Plaintiffs incorporate by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

50. On August 21, 2011, at approximately 7:50 p.m., the Defendant, Lincoln County, acting through its employees and agents, took custody over the person of Terry Marler, Jr. and detained him at the Lincoln County Justice Center on a 24 hour domestic disturbance hold.

51. The Defendant, Lincoln County, owed a duty to Terry Marler, Jr. to detain him in such a manner as to keep him safe from all harm from himself or others.

52. The Defendant, Lincoln County, acting through its employees and agents, breached that duty in the following manner:

a) Lincoln County failed to properly screen and assess Terry Marler, Jr. so as to identify any mental or emotional issues that may indicate a tendency to cause physical harm to himself;

b) Lincoln County failed to properly screen and assess the risk that Terry Marler, Jr. was currently under the affects of alcohol, drugs, or other prescription medication, or any other indicated suicide risk factors;

c) Lincoln County failed to provide a safe holding facility for Terry Marler, Jr., at their detention facility that would have provided a safe physical environment while he was in custody;

d) Lincoln County failed to timely and appropriately administer medications to Terry Marler, Jr. when they knew, or should have known, he was suffering from medical and mental conditions and was in urgent need of medications, and the failure to timely give him medications could present a significant risk to his health and well being;

e) Lincoln County placed Terry Marler in an isolation cell when they knew, or should have known, he suffered from depression, was on medication for depression, and had threatened to kill himself thereby exacerbating his already agitated mental condition and further heightening the risk that he would harm himself;

f) Lincoln County failed to appropriately monitor and watch over Terry Marler, Jr. when they knew, or should have known, that he was a suicide risk. Specifically, on August 23rd, Lincoln County Correctional Officers were aware, or should have been aware, that Terry Marler stated he was going to kill himself and took no action on this suicide threat;

g) Lincoln County failed to identify Terry Marler as a suicide risk and implement appropriate suicide protocols to ensure he could not harm himself;

h) Lincoln County failed to adopt and implement appropriate policies and guidelines regarding the assessment, supervision, and detention of inmates who are at risk of suicide, and failed to train its staff and correctional officers in this regard;

i) Lincoln County failed to transport Terry Marler, Jr. to an appropriate medical or mental health facility when they knew, or should have known, he was suffering from medical or mental health problems, and presented a suicide risk;

j) Lincoln County otherwise failed to keep Terry Marler, Jr. safe from all harm, including the risk of suicide, having assumed custody and control over his person; and

53. The Defendant, Lincoln County's breach of duty as described above was the direct and proximate cause of Terry Marler, Jr.'s death on August 23, 2011.

54. Due to the actions and inactions of the Defendant, Lincoln County, as described above, the Plaintiffs, the children of deceased, Terry Marler, Jr., have been deprived of their father's society, comfort, companionship, service, counsel and support, and are entitled to damages as set forth in Missouri Revised Statute Section 537.080.

WHEREFORE, for Count V of this Complaint directed to Defendant, Lincoln County, Plaintiffs pray for damages in a fair and reasonable sum in excess of $75,000.00, to compensate them for their loss, and for such other and further relief as this Court deems just and proper.

## **COUNT VI**
(LINCOLN COUNTY - 42 U.S.C. § 1983)

COME NOW Plaintiffs, and for their cause of action against the Defendant, Lincoln County, hereby state as follows:

55. Plaintiffs hereby incorporate by reference, as if fully set forth herein, paragraphs 1 through 22 of this Complaint.

56. On or about August 21, 2011, Lincoln County took custody and control over Terry Marler when he was admitted as an inmate to the Lincoln County Jail.

57. Lincoln County knew, or should have known, that Terry Marler had a recent hospitalization for depression and suicidal thoughts, had recently threatened to kill himself, and otherwise had displayed various risk factors for suicide.

58. Furthermore on August 23, 2014, an hour before he hung himself, Terry Marler had stated in front of one or more Lincoln County Correctional Officers his intent to kill himself.

59. Lincoln County failed to place Terry Marler on appropriate suicide protocols to ensure he would not present a danger to himself or to refer him to an outside mental health facility for appropriate treatment.

60. At all times mentioned herein, the Lincoln County employees that had care, custody and control over Terry Marler were State actors acting under the color of law. The actions and inactions of the Lincoln County Jail employees as described above, constitute unlawful and deliberate indifference, committed under the color of law and under their authority as Lincoln County Correction Officers, which caused Terry Marler, Jr., to be deprived of his life and liberty, and violated his Constitutional right to be free from punishment without due process of law as guaranteed by the 14th Amendment to the United States Constitution.

61. As a direct and proximate result of the actions of the Defendant, City of Troy, acting through its employees and actions, the Plaintiffs suffered damages, including but not limited to, the deprivation of life and other constitutional violations of Terry Marler, Jr.

WHEREFORE, Plaintiffs pray for damages against the City of Troy in a fair and reasonable sum in excess of $75,000.00, to compensate them for their loss, and for such other and further relief as this Court deems just and proper.

DEVEREAUX, STOKES, NOLAN, FERNANDEZ & LEONARD, P.C.

  /s/ Gonzalo Fernandez  
GONZALO FERNANDEZ, #40246
Attorney for Plaintiffs
133 South 11th Street
Suite 350
St. Louis, MO  63102
phone:  (314) 621-3743
fax:  (314) 621-5705
