UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NICHOLAS MARLER, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | Civil Action No. 4:14-CV-01463 (CAS) |
| CITY OF TROY, MISSOURI, et al., | ) |  |
| Defendants. | ) |  |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COME NOW Defendants City of Troy, Missouri (hereinafter "City"), Lincoln County, Missouri (hereinafter "Lincoln County") and Michiyo Tumulty (hereinafter "Tumulty") (hereinafter collectively "Defendants") by and through their attorney and for their Answer and Affirmative Defenses to Plaintiffs' Complaint state to the Court as follows:

## THE PARTIES

1. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore deny same.

2. Defendants admit the allegations set forth in Paragraph 2.

3. Defendants admit the allegations set forth in Paragraph 3.

4. Defendants admit the allegations set forth in Paragraph 4.

5. Defendants admit the allegations set forth in Paragraph 5, but deny that the Lincoln County Sheriff's Department is a political subdivision.

## INTRODUCTION

6. Defendants admit the allegations set forth in Paragraph 6.

7. Defendants deny the allegations set forth in Paragraph 7.

## JURISDICTION AND VENUE

8. Defendants admit that this Court has jurisdiction.

9. Defendants admit the venue is proper.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10. Defendants admit the allegations set forth in Paragraph 10.

11. Defendants admit the written statement from Angela Marler and are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 11 and therefore deny the remaining allegations.

12. Defendants admit the allegations set forth in Paragraph 12.

13. Defendants deny in part and admit in part as to the allegations set forth in Paragraph 13.

14. Defendants admit the allegations set forth in Paragraph 14.

15. Defendants deny the allegations set forth in Paragraph 15.

16. Defendants deny the allegations set forth in Paragraph 16.

17. Defendants admit the allegations set forth in Paragraph 17.

18. Defendants admit that on August 23, 2011, Terry Marler was given medication, but deny each and every other allegation set forth in Paragraph 18.

19. Defendants admit that Terry Marler, Jr. committed suicide by hanging in his jail cell, but deny each and every other allegation set forth in Paragraph 19.

20. Defendants admit that Defendant Tumulty was a police officer acting within the course and scope of her employment during the arrest and detention of Terry Marler, Jr., but deny each and every other allegation set forth in Paragraph 20.

21. Defendants admit that the Lincoln County Correctional Officers and the other employees of the Lincoln County Justice Center were agents of Lincoln County but deny each and every other allegation set forth in Paragraph 21.

22. Defendants specifically deny the allegations set forth in Paragraph 22 that the political subdivisions have waived the defense of sovereign immunity.

## COUNT I

(CITY OF TROY – NEGLIGENCE)

23. Defendants reallege and incorporate by reference each and every answer set forth in Paragraphs 1-22 as if fully set forth herein.

24. Defendants admit that on or about August 21, 2011, Defendant City, through its police officer, arrested and detained Terry Marler, Jr.

25. Defendants deny the allegations set forth in Paragraph 25.

26. Defendants deny the allegations set forth in Paragraph 26.

    a) Defendants deny the allegations set forth in Paragraph 26(a);

    b) Defendants deny the allegations set forth in Paragraph 26(b);

    c) Defendants deny the allegations set forth in Paragraph 26(c);

    d) Defendants deny the allegations set forth in Paragraph 26(d);

    e) Defendants deny the allegations set forth in Paragraph 26(e);

    f) Defendants deny the allegations set forth in Paragraph 26(f);

    g) Defendants deny the allegations set forth in Paragraph 26(g);

    h) Defendants deny the allegations set forth in Paragraph 26(h);

    i) Defendants deny the allegations set forth in Paragraph 26(i).

27. Defendants deny the allegations set forth in Paragraph 27.

28. Defendants deny the allegations set forth in Paragraph 28.

## AFFIRMATIVE DEFENSES

A. By way of further answer and affirmative defense, Defendants state that COUNT I of Plaintiffs' Petition fails to state a cause of action against Defendant City.

B. By way of further answer and affirmative defense, Defendants state that any claim of negligence against Defendant City is barred by the doctrine of sovereign immunity.

C. By way of further answer and affirmative defense, Defendant City had no control over the activities of the decedent, Terry Marler, Jr., in his attempt or effort to commit suicide.

D. By way of further answer and affirmative defense, Defendants state that the negligence of the Plaintiffs' decedent be compared to the alleged negligence or fault of this Defendant to the extent that any such negligence or fault of Plaintiffs' decedent caused or contributed to cause the alleged injuries or damages thus barring or reducing any recovery by Plaintiffs, if any, including but not limited to Plaintiffs' decedent self-inflicted injuries, and as a direct result of such conduct, Plaintiffs' decedent committed suicide and was negligent or contributorily negligent thereby resulting in his death.

WHEREFORE, Defendant City prays that this Court enter judgment in its favor and against Plaintiffs and that Plaintiffs go hence with their costs and for such other and further relief as this Court deems just and proper in the premises.

## **COUNT II**

(CITY OF TROY – 42 U.S.C. § 1983)

29. Defendants reallege and incorporate by reference each and every answer and affirmative defense set forth in Paragraphs 1-28 as if fully set forth herein.

30. Defendants admit the allegations set forth in Paragraph 30.

31. Defendants admit the allegations set forth in Paragraph 31.

32. Defendants deny the allegations set forth in Paragraph 32, but admit that Angela Marler gave a written statement.

33. Defendants deny the allegations set forth in Paragraph 33.

34. Defendants admit that the Troy Police Officers acted within the course and scope of their employment during the arrest and transport of Terry P. Marler, Jr. but deny each and every other allegation contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

## AFFIRMATIVE DEFENSES

A. By way of further answer and affirmative defense, Defendants state that COUNT II of Plaintiffs' Petition fails to state a cause of action against Defendant City.

B. By way of further answer and affirmative defense, Defendants state that any claim of negligence against Defendant City is barred by the doctrine of sovereign immunity.

C. By way of further answer and affirmative defense, Defendant City had no control over the activities of the decedent, Terry Marler, Jr., in his attempt or effort to commit suicide.

D. By way of further answer and affirmative defense, Defendants state that the negligence of the Plaintiffs' decedent be compared to the alleged negligence or fault of this Defendant to the extent that any such negligence or

fault of Plaintiffs' decedent caused or contributed to cause the alleged injuries or damages thus barring or reducing any recovery by Plaintiffs, if any, including but not limited to Plaintiffs' decedent self-inflicted injuries, and as a direct result of such conduct, Plaintiffs' decedent committed suicide and was negligent or contributorily negligent thereby resulting in his death.

WHEREFORE, Defendant City prays that this Court enter judgment in its favor and against Plaintiffs and that Plaintiffs go hence with their costs and for such other and further relief as this Court deems just and proper in the premises.

## **COUNT III**

MICHIYO TUMULTY – NEGLIGENCE

36. Defendants reallege and incorporate by reference each and every answer and affirmative defense set forth in Paragraphs 1-35 as if fully set forth herein.

37. Defendants admit the allegations set forth in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations set forth in Paragraph 39.

    a) Defendants deny the allegations set forth in Paragraph 39(a);

    b) Defendants deny the allegations set forth in Paragraph 39(b);

    c) Defendants deny the allegations set forth in Paragraph 39(c);

  d)  Defendants deny the allegations set forth in Paragraph 39(d);

  e)  Defendants deny the allegations set forth in Paragraph 39(e);

  f)  Defendants deny the allegations set forth in Paragraph 39(f);

  g)  Defendants deny the allegations set forth in Paragraph 39(g);

  h)  Defendants deny the allegations set forth in Paragraph 39(h);

  i)  Defendants deny the allegations set forth in Paragraph 39(i);

40. Defendants deny the allegations set forth in Paragraph 40.

41. Defendants deny the allegations set forth in Paragraph 41.

## AFFIRMATIVE DEFENSES

A. By way of further answer and affirmative defense, Defendants state that COUNT III of Plaintiffs' Petition fails to state a cause of action against Defendant Tumulty.

B. By way of further answer and affirmative defense, Defendants state that any claim against Defendant Tumulty is barred by the doctrine of official immunity, qualified immunity and/or absolute immunity.

C. By way of further answer and affirmative defense, Defendant Tumulty had no control over the activities of the decedent, Terry Marler, Jr., in his attempt or effort to commit suicide.

D. By way of further answer and affirmative defense, Defendants state that the negligence of the Plaintiffs' decedent be compared to the alleged

negligence or fault of this Defendant to the extent that any such negligence or fault of Plaintiffs' decedent caused or contributed to cause the alleged injuries or damages thus barring or reducing any recovery by Plaintiffs, if any, including but not limited to Plaintiffs' decedent self-inflicted injuries, and as a direct result of such conduct, Plaintiffs' decedent committed suicide and was negligent or contributorily negligent thereby resulting in his death.

WHEREFORE, Defendant Tumulty prays that this Court enter judgment in her favor and against Plaintiffs and that Plaintiffs go hence with their costs and for such other and further relief as this Court deems just and proper in the premises.

## **COUNT IV**

(MICHIYO TUMULTY – 42 U.S.C. § 1983)

42. Defendants reallege and incorporate by reference each and every answer and affirmative defense set forth in Paragraphs 1-41 as if fully set forth herein.

43. Defendants admit the allegations set forth in Paragraph 43.

44. Defendants admit the allegations set forth in Paragraph 44.

45. Defendants deny the allegations set forth in Paragraph 45.

46. Defendants deny the allegations set forth in Paragraph 46.

47. Defendants admit that the Troy Police Officers acted within the course and scope of their employment during the arrest and transport of Terry P. Marler, Jr. but deny each and every other allegation contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

## AFFIRMATIVE DEFENSES

A. By way of further answer and affirmative defense, Defendants state that COUNT IV of Plaintiffs' Petition fails to state a cause of action against Defendant Tumulty.

B. By way of further answer and affirmative defense, Defendants state that any claim against Defendant Tumulty is barred by the doctrine of official immunity, qualified immunity and/or absolute immunity.

C. By way of further answer and affirmative defense, Defendant Tumulty had no control over the activities of the decedent, Terry Marler, Jr., in his attempt or effort to commit suicide.

D. By way of further answer and affirmative defense, Defendants state that the negligence of the Plaintiffs' decedent be compared to the alleged negligence or fault of this Defendant to the extent that any such negligence or fault of Plaintiffs' decedent caused or contributed to cause the alleged injuries or damages thus barring or reducing any recovery by Plaintiffs, if any, including but not limited to Plaintiffs' decedent self-inflicted injuries, and as a direct result of

such conduct, Plaintiffs' decedent committed suicide and was negligent or contributorily negligent thereby resulting in his death.

WHEREFORE, Defendant Tumulty prays that this Court enter judgment in her favor and against Plaintiffs and that Plaintiffs go hence with their costs and for such other and further relief as this Court deems just and proper in the premises.

## COUNT V

(LINCOLN COUNTY-NEGLIGENCE)

49. Defendants reallege and incorporate by reference each and every answer and affirmative defense set forth in Paragraphs 1-48 as if fully set forth herein.

50. Defendants admit the allegations set forth in Paragraph 50.

51. Defendants deny the allegations set forth in Paragraph 51.

52. Defendants deny the allegations set forth in Paragraph 52.

    a) Defendants deny the allegations set forth in Paragraph 52(a);

    b) Defendants deny the allegations set forth in Paragraph 52(b);

    c) Defendants deny the allegations set forth in Paragraph 52(c);

    d) Defendants deny the allegations set forth in Paragraph 52(d);

    e) Defendants deny the allegations set forth in Paragraph 52(e);

    f) Defendants deny the allegations set forth in Paragraph 52(f);

    g)       Defendants deny the allegations set forth in Paragraph 52(g);

    h)       Defendants deny the allegations set forth in Paragraph 52(h);

    i)       Defendants deny the allegations set forth in Paragraph 52(i);

    j)       Defendants deny the allegations set forth in Paragraph 52(j).

53.    Defendants deny the allegations set forth in Paragraph 53.

54.    Defendants deny the allegations set forth in Paragraph 54.

## AFFIRMATIVE DEFENSES

A.    By way of further answer and affirmative defense, Defendants state that COUNT V of Plaintiffs' Petition fails to state a cause of action against Defendant Lincoln County.

B.    By way of further answer and affirmative defense, Defendants state that any claim of negligence against Defendant Lincoln County is barred by the doctrine of sovereign immunity.

C.    By way of further answer and affirmative defense, Defendant Lincoln County had no control over the activities of the decedent, Terry Marler, Jr., in his attempt or effort to commit suicide.

D.    By way of further answer and affirmative defense, Defendants state that the negligence of the Plaintiffs' decedent be compared to the alleged negligence or fault of this Defendant to the extent that any such negligence or fault of Plaintiffs' decedent caused or contributed to cause the alleged injuries or

damages thus barring or reducing any recovery by Plaintiffs, if any, including but not limited to Plaintiffs' decedent self-inflicted injuries, and as a direct result of such conduct, Plaintiffs' decedent committed suicide and was negligent or contributorily negligent thereby resulting in his death.

WHEREFORE, Defendant Lincoln County prays that this Court enter judgment in its favor and against Plaintiffs and that Plaintiffs go hence with their costs and for such other and further relief as this Court deems just and proper in the premises.

## **COUNT VI**

(LINCOLN COUNTY – 42 U.S.C. § 1983)

55. Defendants reallege and incorporate by reference each and every answer and affirmative defense set forth in Paragraphs 1-54 as if fully set forth herein.

56. Defendants admit the allegations set forth in Paragraph 56.

57. Defendants deny the allegations set forth in Paragraph 57.

58. Defendants deny the allegations set forth in Paragraph 58.

59. Defendants deny the allegations set forth in Paragraph 59.

60. Defendants admit that the Lincoln County employees that had care, custody and control over Terry Marler were acting under the color of law, but deny each and every other allegation contained in Paragraph 60.

61. Defendants deny the allegations set forth in Paragraph 61.

## AFFIRMATIVE DEFENSES

    A.    By way of further answer and affirmative defense, Defendants state that COUNT VI of Plaintiffs' Petition fails to state a cause of action against Defendant Lincoln County.

    B.    By way of further answer and affirmative defense, Defendants state that any claim of negligence against Defendant Lincoln County is barred by the doctrine of sovereign immunity.

    C.    By way of further answer and affirmative defense, Defendant Lincoln County had no control over the activities of the decedent, Terry Marler, Jr., in his attempt or effort to commit suicide.

    D.    By way of further answer and affirmative defense, Defendants state that the negligence of the Plaintiffs' decedent be compared to the alleged negligence or fault of this Defendant to the extent that any such negligence or fault of Plaintiffs' decedent caused or contributed to cause the alleged injuries or damages thus barring or reducing any recovery by Plaintiffs, if any, including but not limited to Plaintiffs' decedent self-inflicted injuries, and as a direct result of such conduct, Plaintiffs' decedent committed suicide and was negligent or contributorily negligent thereby resulting in his death

    WHEREFORE, Defendant Lincoln County prays that this Court enter judgment in its favor and against Plaintiffs and that Plaintiffs go hence with their

costs and for such other and further relief as this Court deems just and proper in the premises.

BARKLAGE, BRETT & HAMILL

       /s/ Joel D. Brett
Joel D. Brett, #33471
Attorney for Defendants
211 North Third Street
St. Charles, MO  63301
(636) 949-2120
(636) 949-8786 (facsimile)
jbrett@barklage-brett.com

## CERTIFICATE OF SERVICE

I Joel D. Brett, hereby certify that a true and accurate copy of the foregoing was served by Notice of Electronic Filing with the Court's CM-ECF filing system this 14th day of November, 2014, on:

Gonzalo Fernandez,  #40246
DEVEREAUX, STOKES, NOLAN, FERNANDEZ & LEONARD, P.C.
133 South 11th Street, Suite 350
St. Louis, MO  63102

E-Mail: gonz@stltriallawyers.com

*Attorneys for Plaintiffs*

       /s/ Joel D. Brett